FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 12 2010 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

BROOKLYN OFFICE

JOSEPH BOBKER,

        Plaintiff,

      - against -

AMERICAN INTERNATIONAL GROUP, INC.
AMERICAN GENERAL LIFE COMPANIES,
member of American International Group, Inc.

        Defendants.
---------------------------------------------------------------X

Index No. 600894/2010

Date Summons Filed: 10/15/2010

**CV 10 - 5232**

: **NOTICE OF REMOVAL**
**PURSUANT TO 28 USC § 1446**

WEXLER, J.

BOYLE, M.J.

**PLEASE TAKE NOTICE** that pursuant to 28 USC §§ 1441, 1446 and 1332,

Defendants American International Group, Inc. ("AIG") and American General Life Companies,

LLC ("AGLC") have removed this action from the Supreme Court of Nassau County, New

York, to the United States District Court for the Eastern District of New York. Without waiving

any defenses available to it, AIG and AGLC state its grounds for removal as follows:

## FACTUAL BACKGROUND

1.    This matter arises from an insurance policy that was terminated due to the non-

payment of premium. Plaintiff, the purported policy owner, contends that the termination was

improper. Plaintiff either seeks to reinstate the policy for which he contends $1,000,000 in

premiums have been paid, or that the face amount of the policy be paid in the amount of

$8,600,000 (the "Underlying Case").

2.    Plaintiff has named AIG and AGLC as Defendants in the Underlying Case.

## THE PARTIES

3.    Plaintiff Joseph Bobker ("Mr. Bobker") is a citizen and resident of the State of

New York. Mr. Bobker's address is 189 Wildacre Avenue, Lawrence, New York 11559.

4.     Defendant AGLC is a Delaware limited liability company incorporated in the State of Delaware with its principal place of business in Houston, Texas. AGLC's address is 2929 Allen Parkway, Houston, Texas 77019.

5.     AGLC was served on October 22, 2010.

6.     Defendant AIG is a Delaware corporation incorporated in the State of Delaware with its principal place of business in New York, New York. AIG's address is 70 Pine Street, New York, New York 10270-0002. Although AIG has a principal place of business in New York, it has been fraudulently joined in this case.

7.     AIG was served on October 25, 2010.

8.     This Court has jurisdiction of this action by virtue of complete diversity between Plaintiff and AGLC and the fraudulent joinder of AIG. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

## FRAUDULENT JOINDER

9.     The only Defendant that is a citizen of the same state as the Plaintiff, AIG, was fraudulently joined by Plaintiff in an attempt to defeat complete diversity.

10.     "A plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy. . . . The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Bounds v. Pine Belt Mental Health Care Resources*, 593 F.3d 209, 215 (2nd Cir. 2010). *See also Pampillonia v. RGR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2nd Cir. 1998) ("a plaintiff may not defeat a federal court's diversity jurisdiction and a

defendant's right of removal by merely joining as defendants parties with no real connection with the controversy").

11.     AIG has no real connection with the controversy here.

12.     AIG did not underwrite the insurance policy at issue in the Underlying Case, nor is it associated with it in any way.

13.     AIG is a holding company and the ultimate corporate parent to numerous subsidiary corporations.   It has numerous affiliates and subsidiaries, including over 100 insurance companies, which write property and casualty, marine, life, workers compensation, and other lines of insurance.

14.     Each of the AIG subsidiaries, including AGLC, is a separate and distinct corporate entity.

15.     Each subsidiary maintains its own books and records and has its own board of directors and officers.

16.     AIG is the sole shareholder and parent company of AIG Life Holdings (U.S.), Inc., a holding company.

17.     AIG Life Holdings (U.S.), Inc. is the sole shareholder and parent company of AGC Life Insurance Company.

18.     AGC Life Insurance Company is the sole shareholder and parent company of American General Life Insurance Company.

19.     American General Life Insurance Company is the sole shareholder and parent company of AGLC.

20.     AIG is not an insurance company and does not write or issue insurance policies.

3

21.     AIG does not adjust claims under insurance policies or provide claims services to companies issuing such policies.

22.     As a holding company, AIG has never been authorized by any authority to transact the sale of, write, or issue primary or excess insurance policies, either on its own account or for any insurer.

23.     Since AIG does not sell, write, issue or service primary or excess insurance policies, AIG could not have sold, written, issued or serviced the policy which is the subject of this litigation.

24.     A plaintiff may not defeat federal court diversity jurisdiction by naming a corporate parent with no real connection with the controversy. *Pampillonia v. RGR Nabisco, Inc.*, 138 F.3d 459 (2nd Cir. 1998).

### FILING OF REMOVAL PAPERS

25.     Pursuant to 28 USC § 1446, copies of all process, pleadings, and orders received by the Defendants are attached as Exhibit "A."

26.     A copy of this Notice of Removal is being served upon Plaintiff by and through his counsel, and is being filed with the Clerk of the Nassau County Supreme Court, State of New York.

WHEREFORE, pursuant to 28 USC § 1332 and 28 USC § 1441, the Defendants request that this matter be removed to this Court for all purposes.

4

Respectfully submitted this 12th day of November, 2010.

Philip Y. Kouyoumdjian, Esq. (PK 3819)
COZEN O'CONNOR
45 Broadway Atrium, 16th Floor
New York, NY 10006
Telephone: (212) 908-1289
Facsimile: (212) 202-7635
pkouyoumdjian@cozen.com

# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
                                                :

JOSEPH BOBKER,
                                                :

                   Plaintiff,

                                                :

         - against -
                                                :

AMERICAN INTERNATIONAL GROUP, INC.,
AMERICAN GENERAL LIFE COMPANIES,
member of American International Group, Inc.        :

                        Defendants.  :

------------------------------------------------------------------x

Index No.   600894/2010
Date Summons Filed: 10/15/2010
Plaintiff designates Nassau
County as the place of trial

## SUMMONS WITH NOTICE

The basis of venue is Plaintiff's
residence in Nassau County:
189 Wildacre Avenue
Lawrence, New York 11559

**TO THE ABOVE NAMED DEFENDANTS:**

*You are hereby summoned* to appear in this action by serving a notice of appearance on

plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the

day of service, or within thirty (30) days after service is complete if this summons is not

personally delivered to you in the State of New York.

**TAKE NOTICE THAT** the nature of this action and the relief sought is to reinstate a

Universal Life Insurance Policy that was improperly terminated by defendants after plaintiff paid

in excess of $1 million in premiums, i.e., policy P1020911L, which was issued by defendants or

their predecessor, All American Life Insurance Company, on the lives of two individuals as a

Second to Die Universal Life Insurance policy, effective March 6, 1994, for the face amount of

$8,600,000.  In the alternative, money damages for breach of contract in the amount of

$8,600,000  are sought.

**TAKE FURTHER NOTICE THAT** in the case of your failure to appear, judgment will

be taken against you by default in the amount of amount of $8,600,000, together with the costs

and disbursements of this action.

Dated: New York, New York
October 15, 2010

LAW OFFICES OF DANIEL FRIEDMAN

By: _____

Daniel Friedman, Esq.
*Attorneys for Plaintiff*
1145 Sage Street
Far Rockaway, New York 11691
(917) 406-8568

Defendant's addresses:

American International Group, Inc.
70 Pine Street, 30th floor
New York, New York 10270

American General Life Companies, LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

ALL-STATE LEGAL®
07181-GF · 07182-BL · 07183-GY · 07184-WH
800.222.0510 www.aslegal.com

Blueback Form A

*Index No.*                          *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU .

JOSEPH BOBKER,

        Plaintiff,

     - against -

AMERICAN   INTERNATIONAL   GROUP,   INC.,   AMERICAN   GENERAL   LIFE
COMPANIES, member of American International Group, Inc.

        Defendants.

## SUMMONS WITH NOTICE

### DANIEL FRIEDMAN, ESQ.

*Attorney for*

**Plaintiff**
**1145 Sage Street**
**Far Rockaway, New York 11691**
**(917) 406-8568**

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ..........................................     Signature .........................................................................................................................

                              Print Signer's Name..........................................................................................................

*Service of a copy of the within*                          *is hereby admitted.*

*Dated:*

                              *Attorney(s) for*

### PLEASE TAKE NOTICE

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*             *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                              *, one of the judges of the within-named Court,*
SETTLEMENT   *at*
          *on*                     *20*    *, at*         *M.*

*Dated:*

                                    **DANIEL FRIEDMAN, ESQ.**

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF  NASSAU
------------------------------------------------------x

JOSEPH BOBKER,

                    Plaintiff(s)/Petitioner(s),          Index No.  600894/2010


          - against -

AMERICAN INTERNATIONAL GROUP, INC.,
AMERICAN GENERAL LIFE COMPANIES,

                    Defendant(s)/Respondent(s).
------------------------------------------------------x

## COURT NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, described below. Filing and service of papers by electronic means cannot be made by a party nor electronic service be made upon a party unless that party has consented to use of the system. Within ten days after service of this Notice, each party served must indicate whether or not it consents to electronic filing and service through NYSCEF for this case.

### General Information

In New York State, actions may be commenced and cases processed by means of the NYSCEF system in (1) tort, commercial, and tax certiorari cases in the Supreme Court in New York City and in Albany, Essex, Livingston, Monroe, Nassau, Niagara, Onondaga, Suffolk, Sullivan and Westchester Counties; and (2) any case type in Broome and Erie County Supreme Courts as authorized by the court. Electronic filing is also authorized for cases in the Court of Claims and Surrogate's Court cases in Chautauqua, Erie, Monroe, Queens and Suffolk Counties and in no fault cases in New York City Civil Court.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served in a simple, convenient and expeditious manner. NYSCEF case

documents are filed with the County Clerk and the court by filing on the NYSCEF Website (www.nycourts.gov/efile), which can be done at any time of the day or night on any day of the week. Documents in Supreme Court cases are deemed filed when received by the NYSCEF server (with payment if required), regardless of whether the court or the County Clerk's Office is open. Service between and among consenting users is effectuated by posting documents with the Website, which immediately sends automatic e-mail notice to all such parties. There is no fee to use the NYSCEF system, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. The use of NYSCEF in Supreme Court is governed by Section 202.5-b of the Uniform Rules for the Trial Courts.

### Instructions

1.   Service of this Notice constitutes a statement of intent by the undersigned that the NYSCEF system be used in this case. When an action or proceeding is being commenced by means of the NYSCEF system, this Notice must accompany service of the initiating papers.

2.   **Within ten days after service of this Notice,** the party served shall file with the court and serve on all parties the attached Consent to E-Filing, or, if the party does not wish to consent, a declination of consent. Consent to electronic filing does not constitute an appearance in the action. If the party served is represented by an attorney who has already registered as a NYSCEF Filing User, that attorney may consent electronically on the NYSCEF site. Consent to NYSCEF is required of all current parties to the case in order for it to proceed as a NYSCEF matter, or, if fewer than all parties consent, where permitted by the court, NYSCEF may be used by and between or among consenting parties only.

3.   Once parties agree that the case will be subject to NYSCEF, each participating attorney, unless already registered, must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4.   For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the

2

Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or

efile@courts.state.ny.us).

Dated: October 15, 2010

Daniel Friedman, Esq. (Name)

LAW OFFICES OF DANIEL FRIEDMAN (Firm)

1145 Sage Street _____ (Address)

Far Rockaway, New York 11691

917-406-8568 _____ (Phone)

_____ (Fax)

dflawyers@hotmail.com (E-Mail)

Attorney(s) for Plaintiff _____

9/19/08

3

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** _____
————————————————————————x

                 Plaintiff(s)/Petitioner(s),          Index No. _____

       - against -

                                           **CONSENT TO E-FILING**
                                           **SUPREME COURT CASE** *

                 Defendant/Respondent(s).
————————————————————————x

    I, _____, am a self-represented party or an attorney for a party in the above-captioned action, and I consent to the use of the New York State Courts Electronic Filing System ("NYSCEF") in this case. I further consent to be bound by the service and filing provisions of the NYSCEF Rules (Section 202.5-b of the Uniform Rules for the Trial Courts) and will comply with the procedures of the NYSCEF system, which are reflected in the *User's Manual* approved by the Chief Administrator of the Courts and posted on the NYSCEF website.

    Pursuant to the Rules, I have, or will promptly hereafter, set forth in my NYSCEF registration application form an e-mail address that shall constitute the E-Mail Service Address of Record (Primary Address) for the purpose of electronic service of each filing under the Rules. **

_____        _____
Signature                                Law Firm Name

_____        _____
Print or Type Name                     Address

Attorney for _____
       (Identify party or parties)

                                       _____
                                       Phone

                                       _____
                                       E-Mail

* Under the Rules, consent of parties is required for filing and service by or upon those parties through NYSCEF. If an attorney has previously registered as a NYSCEF Filing User, the consent may be filed and served by means of the NYSCEF system.

** Although under the Rules electronic service is effectuated only through the E-Mail Service Address of Record (Primary Address), additional notice of filings may be obtained through the listing of E-Mail General Addresses of Record. Such addresses may be listed on the registration application and may be recorded in the Profile Section of the NYSCEF system. See www.nycourts.gov/efile.___

9/26/08